# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| MIKE SETTLE, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | Case No. 1:15-cv-01022-JDB-egb |
| BRUCE WESTBROOKS, | ) ) ) | |
| Respondent. | ) ) | |

**ORDER TO MODIFY THE DOCKET,
ADDRESSING PENDING MOTIONS,
DISMISSING PETITION PURSUANT TO 28 U.S.C. § 2254,
DENYING A CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the Petition for Writ of Habeas Corpus (the "Habeas Petition") filed by Petitioner, Mike Settle, Tennessee Department of Correction prisoner number 207584, an inmate at the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee (Habeas Pet., *Settle v. Westbrooks,* No. 1:15-cv-01022-JDB-egb (W.D. Tenn.), ECF No. 1), and Petitioner's *in forma pauperis* affidavit and Motion for Factual Finding (Appl. to Proceed Without Prepayment of Fees and Aff., *id.*, ECF No. 12; Mot. for Factual Finding, *id.*, ECF No. 14). For the reasons stated below, the Court DENIES the pending motions and DISMISSES the Habeas Petition.

## I.     BACKGROUND

### A.     State Court Procedural History

This is the most recent in a series of habeas petitions filed by Settle in state and federal court challenging sentences imposed in 2001 in Madison County, Tennessee. The relevant state

procedural history has been summarized in an order dismissing a petition pursuant to 28 U.S.C. § 2254 challenging the judgments at issue in this action:

> On January 5, 2001, Settle entered a guilty plea in the Circuit Court for Madison County, Tennessee, to one count of especially aggravated kidnapping, one count of felony escape, one count of aggravated robbery, and two counts of aggravated assault. Pursuant to a negotiated plea agreement, Settle was sentenced to concurrent terms of 25 years for the especially aggravated kidnapping conviction, 6 years for the felony escape conviction, 25 years for the aggravated robbery conviction, and 15 years for each aggravated assault conviction. The plea agreement provided that these sentences would be served concurrent with unexecuted federal sentences, but consecutive to unexecuted sentences arising from numerous convictions obtained in Shelby County, Tennessee. Judgments were entered on January 10, 2001. Settle did not take a direct appeal.
>
> On September 24, 2001, Settle filed a petition for a writ of habeas corpus, pursuant to Tenn. Code Ann. § 29-21-101 *et seq.*, in the Circuit Court for Morgan County, Tennessee, in which he alleged a violation of the plea agreement because the TDOC refused to run his Madison County sentence concurrent to his federal sentence. . . . On April 4, 2003, the Morgan County Circuit Court entered an order that the action should be treated as a petition for a writ of certiorari to the Circuit Court for Madison County and transferred to the Madison County Circuit Court.
>
> On April 21, 2003, the State filed a response to the petition, entitled "State's Response and Motion to Appoint Counsel and Convert the Petition to a Petition for Post Conviction Relief," that stated, in pertinent part:
>
>> The relief sought by the petitioner is relief that should be sought under post conviction. Therefore the State will enter a general denial and ask that counsel be appointed to file the proper pleadings in the matter.
>>
>> Further the State will attempt to Honor its agreement to the extent possible or will solicit a proffer to dispose of the matter in fairness to the petitioner under the circumstances.
>
> On April 24, 2004, the Madison County Circuit Court issued an order treating the petition as seeking postconviction relief and dismissing it without prejudice because it failed to assert a colorable claim. That order provided, in pertinent part:
>
>> After examination of the petition for post-conviction relief, together with the files, records, and correspondence relating to the judgment under attack, this Court finds as follows:

> (1) The petition shall be dismissed without prejudice,
>
> (2) The petition shall be dismissed for failure to assert a colorable claim based upon the following findings of fact and conclusions of law:
>
>> In his petition for post-conviction relief, Petitioner complains that his twenty-five year sentence in case no. 99-906 should be concurrent with all federal sentences but that the Tennessee Department of Corrections [sic] has refused to run the sentence imposed by this Court concurrent with his federal sentences. The record in case no. 99-906 indicates that the guilty plea form and the judgment set forth that the twenty-five year sentence in case no. 99-906 was deemed concurrent with the federal sentences. Petitioner may have a complaint concerning the calculation of his sentence by the Tennessee Department of Corrections [sic] . . . for which he has other remedies. However, there was no misunderstanding of the guilty plea agreement or the sentence of this Court. Post-Conviction relief is not appropriate where the rights involved are not constitutional in nature. Accordingly, the Petition for Post-Conviction Relief is denied.

In his *pro se* appeal, Settle reiterated his previous arguments and argued for the first time that his sentence, as imposed, was unlawful under Tennessee law, which required that convictions for escape run consecutive to the federal sentence. In its appellate brief, the State noted that this argument had not been presented to the postconviction court.

The Tennessee Court of Criminal Appeals affirmed. *Settle v. State*, No. W2003-01261-CCA-R3-PC, 2004 WL 1656481 (Tenn. Crim. App. July 23, 2004). . . . Settle did not seek permission to appeal to the Tennessee Supreme Court.

On December 16, 2004, Settle filed a petition for state habeas relief, pursuant to Tenn. Code Ann. § 29-21-101 *et seq.*, in the Davidson County Circuit Court. In that petition, Settle raised claims that (i) his convictions, sentences, and judgments are illegal because the sentence for escape was ordered to be served concurrently with his unexecuted federal sentence and because the judgments do not state that the sentence should be served in federal custody; (ii) his guilty pleas were involuntary because he was not informed that his state sentences would not, in fact, run concurrently with his federal sentence because the Bureau of Prisons could not be compelled to take him into federal custody to permit service of his federal sentence; and (iii) his trial counsel rendered ineffective assistance, in violation of

3

the Sixth Amendment, by inducing him to accept a plea agreement that could not be performed. On January 12, 2005, Settle was ordered to pay a partial filing fee within twenty days. On January 21, 2005, Petitioner filed a "Motion for Review of Petition" in which he explained that he is indigent and not required to pay an initial partial filing fee. On February 3, 2005, Settle's petition was dismissed because he failed to file the partial payment of the filing fee, as required by Tenn. Code Ann. § 41-21-807. The Tennessee Court of Criminal Appeals affirmed, *Settle v. State*, No. M2004-00411-CCA-R3-HC, 2005 WL 2978974 (Tenn. Crim. App. Nov. 7, 2005), and the Tennessee Supreme Court denied permission to appeal on March 27, 2006.

(Order at 4–8, *Settle v. Waller*, No. 06-1092-JDT-egb (W.D. Tenn. Sept. 4, 2009) (footnotes omitted) (citations omitted), ECF No. 52.)

In 2007, Petitioner filed a state habeas petition in which he alleged that the Board of Paroles had committed procedural violations that affected the date of his eligibility for parole. The trial court dismissed the case *sua sponte* because he had failed to attach a copy of the judgment. The Tennessee Court of Appeals affirmed. *Settle v. Bell*, No. M2007-02743-COA-R3-CV, 2008 WL 4725599, at *2 (Tenn. Ct. App. Oct. 28, 2008), *appeal denied*, (Tenn. Apr. 27, 2009).

Settle filed another state habeas petition in the Criminal Court for Morgan County, Tennessee, in which he claimed that he received ineffective assistance of counsel and his sentences were imposed in violation of the Interstate Compact on Detainers ("IAD"), Tenn. Code Ann. § 40-31-101. The trial court denied relief, and the Tennessee Court of Criminal Appeals affirmed. *Settle v. Mills*, No. E2010-00945-CCA-R3-HC, 2010 WL 5276980, at *2 (Tenn. Crim. App. Dec. 17, 2010), *appeal denied*, (Tenn. Mar. 9, 2011).

The inmate filed a fourth state habeas petition on January 10, 2011, in which he averred that his plea agreement and sentences were void because his sentence for escape was ordered to be served concurrently to his federal sentence in violation of Tennessee Rule of Criminal Procedure "32(c)(3)" [sic]. The trial court denied the petition *sua sponte*, and the Tennessee Court of

4

Criminal Appeals affirmed. *Settle v. Osborne*, No. E2011-00766-CCA-R3-HC, 2012 WL 344937, at *4 (Tenn. Crim. App. Feb. 3, 2012), *appeal denied*, (Tenn. Apr. 11, 2012).

On October 24, 2013, Settle filed a fifth state habeas petition in the Lauderdale County Circuit Court, in which he argued that his Madison County judgments were void because they were imposed in violation of Tennessee Code Annotated § 39-16-605(d), which requires a sentence for escape "to be served consecutively to the sentence being served or sentence received for the charge for which the person was being held at the time of the escape." He contended that, because he was in federal custody at the time of his escape and because he took a weapon during the escape, an offense for which he received a federal sentence, the plea agreement providing that his sentence would run concurrently to his federal sentence was illegal. The trial court summarily dismissed the petition, and the Tennessee Court of Criminal Appeals affirmed. *Settle v. Lester*, No. W2013-02609-CCA-F3-HC, 2014 WL 3824004, at *2, *5 (Tenn. Crim. App. Aug. 4, 2014), *appeal denied*, (Tenn. Nov. 19, 2014).

On July 3, 2014, Petitioner filed a sixth state habeas petition in the Lauderdale County Circuit Court, in which he complained that the Madison County Circuit Court had failed properly to award pretrial jail credits. The trial court summarily dismissed the petition, and the Tennessee Court of Criminal Appeals affirmed. *Settle v. Jones*, No. W2014-01362-CCA-R3-HC, 2014 WL 7433010, at *2, *4 (Tenn. Crim. App. Dec. 30, 2014).

     **B.**     **Federal Challenges to the Madison County Convictions**

On April 20, 2006, Settle presented a *pro se* petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") to the United States District Court for the Middle District of Tennessee. (§ 2254 Pet., *Settle v. Waller*, No. 3:06-0398 (M.D. Tenn.), ECF No. 1.) United States District Judge Robert

5

Echols issued an order on April 20, 2006, granting leave to proceed *in forma pauperis* and transferring the § 2254 Petition to this district, where the convicting court is located. (Order, *id.*, ECF No. 5.) The § 2254 Petition was docketed in this district on May 1, 2006.

On May 30, 2006, the inmate filed an amended petition on the official form in which he raised the following issues:

1. Whether his judgment, sentence, and conviction are illegal, due to the omission of any language in the judgment that the state sentence be served in federal custody, as contemplated by the plea agreement;

2. Whether his guilty agreement was involuntary, due to the fact that trial counsel did not investigate whether the provision specifying that the state sentence be served in federal custody was enforceable; and

3. Whether his trial counsel rendered ineffective assistance, in violation of the Sixth Amendment.

(Am. § 2254 Pet. at 5–12, *Settle v. Waller*, No. 06-1092-JDT-egb (W.D. Tenn.), ECF No. 10.) Settle subsequently filed an amendment, couched as a motion for sentence reduction, that elaborated on an issue raised, obliquely, in Claim 1, namely, whether the original sentence was unlawful under Tennessee law because the sentence for escape was to run concurrently with the other sentences imposed. (Mot. for Sentence Reduction, *id.*, ECF No. 12.) In an order issued on September 4, 2009, United States District Judge James D. Todd denied the § 2254 Petition as time barred and denied a certificate of appealability. (Order, *id.,* ECF No. 52.) The inmate appealed, and the Sixth Circuit denied a certificate of appealability. *Settle v. Bell*, No. 09-6168 (6th Cir. July 20, 2010), *cert. denied*, 131 S. Ct. 480 (2010).

On March 17, 2011, Settle filed a "Motion for Resubmit Exhausted Claim," in which he sought to amend his § 2254 Petition to assert a claim under the IAD. (Mot. for Resubmit Exhausted Claim, *Settle v. Bell*, No. 06-1092-JDT-egb (W.D. Tenn.), ECF No. 61.) Judge Todd issued an order on April 15, 2011, transferring the motion to the Sixth Circuit Court of Appeals for consideration as a second or successive § 2254 petition. (Order Transferring Mot. to Resubmit Claim to United States Court of Appeals for the Sixth Circuit Pursuant to 28 U.S.C. § 2244(b)(3), *id.*, ECF No. 63.) On July 11, 2011, the Court of Appeals dismissed Settle's application for want of prosecution. *In re Settle*, No. 11-5463 (6th Cir. July 11, 2011).

He has also filed several additional habeas petitions challenging various aspects of his state convictions and sentences. On June 10, 2009, Settle filed a § 2241 petition in the United States District Court for the Middle District of Tennessee that presented the following issues:

1. Whether he was denied the due process guaranteed him by state law when the Tennessee Board of Paroles took an unreasonable amount of time to determine when the running of a 1997 sentence should commence;

2. Whether the delay in running the 1997 sentence served to deny him equal protection because he was unable to accrue sentence reduction credits at a rate comparable to other similarly situated prisoners; and

3. Whether he was placed in segregation in violation of his due process rights.

(Appl. for a Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241 at 2–5, *Settle v. Bell*, No. 3:09-0560 (M.D. Tenn.), ECF No. 1.) United States District Judge Aleta A. Trauger issued an order on November 10, 2009, denying the petition as untimely. (Mem., *id.*, ECF No. 25.) Settle

appealed, and the Sixth Circuit Court of Appeals denied a certificate of appealability. *Settle v. Bell*, No. 09-6433 (6th Cir. June 23, 2010).

On March 16, 2011, Petitioner filed a "Petition for Extradition" in the United States District Court for the Eastern District of Tennessee, in which he sought pretrial jail credit on his Madison County sentences and to be transferred to federal custody. (Pet. for Extradition, *Settle v. Osborne*, No. 3:11-cv-00127-TWP-HBG (E.D. Tenn.), ECF No. 1.) In an order issued on April 8, 2011, United States District Judge Thomas W. Phillips construed the petition as arising under 28 U.S.C. § 2254 and directed the respondent to file a response addressing "whether the petition was timely filed and whether the petitioner has exhausted his available state remedies." (Order at 2, *id.*, ECF No. 3.) On March 26, 2012, Judge Phillips dismissed the petition as time barred and as second or successive. (Mem., *id.*, ECF No. 13.) Judgment was entered the same day. (J. Order, *id.,* ECF No. 14.) Settle appealed, and the Sixth Circuit denied a certificate of appealability. *Settle v. Osborne*, No. 12-5432 (6th Cir. Dec. 6, 2012).

On September 7, 2012, Settle filed another *pro se* petition pursuant to 28 U.S.C. § 2241 in this district in which he sought relief from his Madison County convictions because of a purported violation of the IAD. (§ 2241 Pet., *Settle v. Lester,* No. 1:12-cv-01206-JDB-egb (W.D. Tenn.), ECF No. 1.) In an order issued on January 14, 2014, the Court held that the § 2241 Petition was successive because the claim presented could have been litigated in Settle's initial § 2254 Petition, Case Number 06-1092, and transferred the § 2241 Petition to the Sixth Circuit Court of Appeals pursuant to *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (per curiam), and 28 U.S.C. § 1631. (Order, *Settle v. Lester,* No. 1:12-cv-01206-JDB-egb (W.D. Tenn.), ECF No. 16.) On March 6, 2014, the

Sixth Circuit dismissed Settle's application for want of prosecution. *In re Settle,* No. 14-5071 (6th Cir. March 6, 2014).[1]

### C. Case Number 15-1022

On January 6, 2015, the inmate filed his Habeas Petition in the Middle District of Tennessee, accompanied by motions seeking leave to proceed *in forma pauperis* and the appointment of counsel. (Habeas Pet., *Settle v. Carpenter*, No. 3:15-cv-0009 (M.D. Tenn.), ECF No. 1; Appl. to Proceed Without Prepayment of Fees and Aff., *id.*, ECF No. 2; Mot. for Appointment of Counsel, *id.*, ECF No. 3.) The issue presented is whether the Madison County Criminal Court lacked jurisdiction or authority to approve the plea agreement because the concurrent sentences were unlawful under Tennessee Code Annotated § 39-16-605(c) and Tennessee Rule of Criminal Procedure "32(3)(B)" [sic].[2]

On January 12, 2015, United States District Judge Todd J. Campbell construed the petition as arising under 28 U.S.C. § 2254, denied appointment of counsel, and directed Settle to file a copy of his trust fund account statement or pay the habeas filing fee within thirty days. (Order, *id.*, ECF

---

[1] The Court has not listed Settle's collateral challenges to his federal sentence or his petitions addressing the denial of parole.

[2] Settle is presumably referring to Rule 32(c)(3)(B), which provides that,

[w]hen a defendant is convicted of multiple offenses from one trial or when the defendant has additional sentences not yet fully served as the result of convictions in the same or other courts and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:

. . . .

(C) to a sentence for a felony committed while the defendant was released on bail and the defendant is convicted of both offenses . . . .

9

No. 4.)³ On February 2, 2015, he filed a "Motion to Order Custodian Trust Account," in which he stated that he had not received a trust fund account statement even though he had, on three occasions, requested a copy. (Mot. to Order Custodian Trust Account, *Settle v. Carpenter*, No. 3:15-0009 (M.D. Tenn.), ECF No. 7.) On February 4, 2015, Settled filed an objection to the recharacterization of his Habeas Petition as arising under § 2254. (Object to Recharacterization, *id.*, ECF No. 8.) In an order issued on February 5, 2015, Judge Campbell granted leave to proceed *in forma pauperis* and transferred the Habeas Petition to this district, where the convicting court is located. (Order, *id.*, ECF No. 9.) The Habeas Petition was docketed in this district on the same day. (Case transferred in, *Settle v. Westbrooks,* No. 1:15-cv-01022-JDB-egb (W.D. Tenn.), ECF No. 10.) The Clerk shall record the respondent as RMSI Warden Bruce Westbrooks.⁴

On February 15, 2015, Petitioner filed a motion seeking leave to proceed *in forma pauperis* in this matter, accompanied by a copy of his inmate trust fund account statement. (In Forma Pauperis Aff., *Settle v. Westbrooks,* No. 1:15-cv-01022-JDB-egb (W.D. Tenn.), ECF No. 12.) Also

---

³ The order explained why the Habeas Petition is properly treated as arising under 28 U.S.C. § 2254:

> The petitioner states that this action is being brought pursuant to 28 U.S.C. § 2241 because he is challenging "the execution or manner of plea bargain sentence." Docket Entry No. 1 at pg. 1. However, he later writes that "The plea agreement included an illegal sentence as a material element, the illegal sentence renders the guilty plea, including the conviction, invalid." *Id.* at pg. 5. He is, therefore, attacking the validity of the underlying conviction rather than the execution of his sentence. As such, the Court construes this action as one being brought pursuant to 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241.

(*Id.* at 1 n.1.) If the Habeas Petition was properly construed as arising under § 2254, it would be Settle's fourth such petition.

⁴ The Clerk is directed to terminate former RMSI Warden Wayne Carpenter as a party to this action. *See* Fed. R. Civ. P. 25(d).

10

on February 15, 2015, he submitted a legal memorandum in support of the claim presented in his Habeas Petition. (Mem. of Law, *id.*, ECF No. 12-2.)[5]

On February 20, 2015, Settle filed an objection to the transfer of his Habeas Petition from the Middle District. (Object to Transfer, *id.*, ECF No. 13.)

On May 11, 2015, Settle filed a Motion for Factual Finding, which asked the Court to make findings about the timeliness of his Habeas Petition and the merits of the claim presented. (Mot. for Factual Finding, *id.*, ECF No. 14.)

### D. Pending Motions

Because Judge Campbell has already granted leave to proceed *in forma pauperis* in this matter, the *in forma pauperis* motion filed on February 18, 2015 (ECF No. 12) is DENIED as moot.

The Motion for Factual Finding (ECF No. 14) is also DENIED because it is unnecessary for the Court to address the affirmative defense of the statute of limitations.

## II. ANALYSIS OF PETITIONER'S CLAIM

Although the Habeas Petition purports to invoke 28 U.S.C. § 2241, Judge Campbell construed it as arising under 28 U.S.C. § 2254 and transferred it to this district, where the convicting court is located. Settle has objected to the recharacterization and transfer of his Habeas Petition. (Object to Recharacterization, *Settle v. Westbroooks,* No. 1:15-cv-01022-JDB-egb (W.D. Tenn.), ECF No. 8; Object to Transfer, *id.*, ECF No. 13.) Ultimately, it does not matter whether the Habeas Petition is characterized as arising under 28 U.S.C. § 2254 or § 2241 because the relevant

---

[5] Settle's legal memorandum was mistakenly docketed as an attachment to his *in forma pauperis* motion. The Clerk is directed to remove the document from that docket entry and to redocket it as a legal memorandum.

legal requirements are identical. It is not in the interest of judicial economy to transfer the Habeas Petition back to the Middle District. To the extent Settle is asking the Court to do so, his request is DENIED.

State prisoners ordinarily may file only one § 2254 petition. There are severe restrictions on a district court's ability to consider "second or successive" petitions:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless —
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)–(2). The restrictions on second or successive § 2254 petitions are applicable to § 2241 petitions filed by state prisoners. *Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006). Settle's objection to Judge Campbell's recharacterization of the Habeas Petition as arising under § 2254 rather than § 2241 is meritless because habeas petitioners cannot use § 2241 to bypass the limitations on § 2254 petitions. It also would not be in the interest of judicial economy to transfer the Habeas Petition back to the Middle District.

The sole issue presented in the instant Habeas Petition was presented in the Amended § 2254 Petition in Case Number 06-1092. *See supra* pp. 6–7.[6] Therefore, the Court DISMISSES the Habeas Petition pursuant to 28 U.S.C. § 2244(b)(1). Judgment shall be entered for Respondent.

## III.     APPEAL ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005) (per curiam). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2)–(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Cockrell*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). "[A] COA does not require a showing that the appeal will succeed."

---

[6] In his order denying that § 2254 Petition, Judge Todd held that the claim was time barred. (Order at 11-12, *Settle v. Bell,* No. 1:06-cv-01092-JDT-egb (W.D. Tenn.) (holding that the challenge to Settle's sentence under state law accrued when his conviction became final), ECF No. 52.)

*Cockrell*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). However, courts should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773.

In this case, there can be no question that the Habeas Petition is successive and that the issue presented was included in a previous petition. Because any appeal by Petitioner on the issue raised in his Habeas Petition does not deserve attention, the Court DENIES a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5). In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.[7]

IT IS SO ORDERED, this 11th day of June 2015.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE

---

[7] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).